UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY GILL et al., | No. 2:24-cv-00341-DAD-AC |
| Plaintiffs, | |
| v. | ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR EXTENSION TO EFFECTUATE SERVICE OF PROCESS ON DEFENDANTS |
| NORTHSTATE ANESTHESIOLOGY PARTNERS INC. et al., | |
| Defendant. | (Doc. No. 18) |

This matter is before the court on plaintiffs' *ex parte* application for an extension of time to serve defendants. (Doc. No. 18.) On January 30, 2024, plaintiffs filed this *qui tam* action against defendants alleging violations of federal and state law. (Doc. No. 1 at ¶¶ 56–101.) The action was sealed by the court on February 9, 2024 (Doc. No. 3), then unsealed on June 12, 2025 after the government declined to intervene in this matter. (Doc. No. 15.)

Plaintiffs concede that they missed the September 12, 2025 deadline to serve all defendants. (Doc. No. 18 at 2.) They contend that this was because "the calendaring of the time for service was overlooked" and the matter was "not properly calendared." (*Id.*) Plaintiffs were also unable to retain counsel with experience in litigating False Claims Act cases where the government has declined to intervene during the service period despite their efforts "to interview and look for additional counsel to undertake the representation" in this case. (*Id.*) Plaintiffs

1

further state that they "thought in late August they may have identified such counsel but that counsel" declined representation and plaintiffs "have identified a new counsel that is currently reviewing the matter." (*Id.*) Accordingly, plaintiffs now move *ex parte* to request an extension to serve defendants by November 12, 2025 pursuant to Federal Rules of Civil Procedure 4(m) and 6(b)(1)(B).[1] (*Id.* at 2–3.)

Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Whether good cause for the delay has been shown is determined on a case by case basis." *Wileman Bros. & Elliott v. Y Farms, LLC*, No. 1:19-cv-00909-NONE-BAM, 2020 WL 3127934, at *4 (E.D. Cal. June 12, 2020). "At minimum, 'good cause' equates with the 'excusable neglect' standard courts apply under Rule 6(b)." *Zero Motorcycles, Inc. v. Nikola Motor Co.*, No. 17-cv-05370-MEJ, 2018 WL 1696867, at *2 (N.D. Cal. Apr. 6, 2018) (citation omitted). "[P]laintiff may show good cause where it attempted to serve a defendant but has not yet completed it, was confused about the requirements for service of process, or was prevented from serving a defendant because of events outside of its control." *Third World Media, LLC v. Does 1-1568*, No. 10-04470-LB, 2011 WL 4344160, at *2 (N.D. Cal. Sept. 15, 2011) (citation omitted).

Alternatively, if plaintiffs fail to establish good cause, Rule 4(m) permits district courts to "discretionarily extend time for service upon a showing of excusable neglect." *Williams v. County of Los Angeles*, No. 23-55155, 2024 WL 2862587, at *1 (9th Cir. June 6, 2024) (citing *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009));[2] *Mejia Banegas v. Doe #2*, No.

---

[1] Since the pending *ex parte* request can be completely resolved with an analysis of Federal Rule of Civil Procedure 4(m), the court does not address plaintiffs' argument based upon Rule 6(b)(1)(B).

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

2

1  18-cv-02670-GPC-JLB, 2019 WL 1353712, at *2 (S.D. Cal. Mar. 26, 2019), ("[E]ven without a
2  showing of good cause, the court has broad discretion under Rule 4(m) to extend time for
3  service."), *report and recommendation adopted sub nom. Banegas v. Doe #1*, No. 18-cv-2670-
4  GPB-RBM, 2019 WL 4187626 (S.D. Cal. Sept. 4, 2019).  In determining whether it is
5  appropriate to exercise that discretion under Rule 4(m), courts consider four factors:  "(1) the
6  danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on
7  judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good
8  faith."  *Mentzer v. Vaikutyte*, 16-cv-01687-DMG-SS, 2018 WL 1684340, at *5 (C.D. Cal. Feb.
9  26, 2018) (citing *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)), *report
10 and recommendation adopted*, No. 16-cv-01687-DMG-SS, 2018 WL 1684300 (C.D. Cal. Apr. 3,
11 2018).

12       Here, plaintiffs do not contend that they have attempted to serve defendants, were
13 confused about the service requirements, or were prevented from serving defendants because of
14 reasons outside of their control.  Therefore, plaintiffs have failed to establish good cause.
15 Accordingly, the court must determine whether it should exercise its discretion to extend the
16 service deadline after considering the relevant factors described above.

17       First, failure to serve defendants within the prescribed time period is presumptively
18 prejudicial.  *Tao v. Murphy*, No. 2:25-cv-00149-JAD-MDC, 2025 WL 2379625, at *2 (D. Nev.
19 July 11, 2025) ("[T]here is a presumption of injury to defendants arises when plaintiffs
20 unreasonably delay in prosecuting an action . . . .")  However, this factor is primarily concerned
21 with prejudice that a defendant would experience from loss of evidence due to an extended delay
22 in the service of process.  Here, approximately 30 days have passed since the deadline for service
23 of process, and this matter was initially filed less than two years ago.  Any prejudice to
24 defendants would therefore appear to be, at best, minimal.  *See Cota v. Carrows Rests., Inc.*, No.
25 20-cv-01428-TWR-RBB, 2022 WL 2119124, at *5 (S.D. Cal. June 13, 2022) (concluding that a
26 473-day delay in service of process could prejudice defendant because of "loss of evidence.").

27       Second, plaintiffs were required to serve defendants by September 10, 2025.  Generally,
28 courts conclude that failing to serve defendants within the Rule 4 period constitutes excusable

3

neglect when the delay is "minimal," meaning, a mere few days. *Id.* (collecting cases).  However, this case had remained sealed for over one year while the government conducted its review to determine whether it wished to intervene.  As a result, the undersigned has not yet issued a pretrial scheduling order, no significant motions practice beyond the government's intervention inquiries has yet occurred, and the matter has not proceeded as to any other defendants.  Courts have concluded that the second half of the second factor, i.e., the impact of the delay, "is lower where no scheduling orders for discovery or motion practice have been entered and the litigation has not been proceeding with other defendants." *Spinks v. Placer County*, No. 2:15-cv-00671-JAM-KJN, 2018 WL 1316981, at *4 (E.D. Cal. Mar. 14, 2018).  Thus, because the length of the delay here is longer than that which courts generally conclude is excusable, but the impact of the delay is significantly abated by the lack of activity in the litigation to date, this factor is ultimately neutral.

Third, plaintiffs contend that the failure to serve defendants within the service period was due to a failure of proper calendaring the matter.  (Doc. No. 18 at 2.)  "Recent Ninth Circuit case law holds a calendaring error, whether the result of carelessness, negligence or falling within the meaning of excusable neglect is sufficient to warrant an extension under the circumstances explained here." *Tao*, 2025 WL 2379625, at *3.  Thus, consideration of this factor weighs in favor of the court exercising its discretion to extend the time for service.  Fourth and finally, there is no indication that plaintiffs are acting in bad faith, so consideration of this factor also weighs in favor of granting an extension of the deadline for service of process.

Ultimately, upon consideration of the relevant factors, the court concludes that it is appropriate to exercise its discretion to extend the time for plaintiffs to effect service to November 12, 2025 pursuant to Federal Rule of Civil Procedure 4(m).  Although plaintiffs waited until the service deadline had passed before seeking an extension of time, this is the first instance that plaintiffs have sought an extension.  Furthermore, plaintiffs' actions are far less egregious that those which other courts have faced and still granted an extension to effect service of process. *See e.g.*, *Rodriguez v. Pfeiffer*, No. 1:21-cv-00572-JLT-EPG, 2022 WL 686454, (E.D. Cal. Mar. 8, 2022) (exercising Rule 4 discretion to grant a 60-day extension to serve party even though

4

plaintiff's counsel was unaware of their failure to comply with Rule 4 until the court issued an order to show cause as to why that unserved party should not be dismissed).

For the reasons explained above, plaintiffs' *ex parte* motion for an extension of time to serve defendants (Doc. No. 18), will be granted and plaintiffs are required to serve defendants in this case by November 12, 2025.

IT IS SO ORDERED.

Dated: __October 15, 2025__

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE